IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAY ROY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Civil Action No. 4:16-cv-01072-Y-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 11), filed on January 30, 2017, Plaintiff's Response (ECF No. 12), filed on February 17, 2017, and Plaintiff's Copies of Paperwork from the Social Security Administration (ECF No. 13), filed on February 21, 2017. After considering the pleadings, applicable law, and the arguments made at the oral hearing before the Court on March 13, 2017, the undersigned finds that the Plaintiff's claims are not subject to review by the Court and RECOMMENDS that Senior United States District Judge Terry Means GRANT Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 11), and DISMISS Plaintiff's claims with prejudice.

**I.    BACKGROUND**

This case concerns a claim for disabled widow's survivor benefits and represents the second round of proceedings that the Plaintiff, May Roy ("Plaintiff"), has pursued against the Commissioner in connection with the death of her alleged common law husband, Franklin Sanchez. In May 2010, Plaintiff applied for a lump sum death payment, alleging that she and Mr. Sanchez were married at the time of his death. ECF No. 11-1 at 7. On September 12, 2011,

Administrative Law Judge ("ALJ") Green issued an unfavorable decision in which he denied the claim, finding that Plaintiff had not established the existence of a common law marriage between herself and Mr. Sanchez. *Id.* Plaintiff appealed ALJ Green's decision to the Appeals Council, which denied Plaintiff's Request for Review on April 11, 2013. *Id.* Plaintiff did not appeal the decision of the Appeals Council to the district court.

Thereafter, on November 18, 2013, Plaintiff filed the application for disabled widow's benefits that is at issue in the present case. *Id.* On January 29, 2016, ALJ Raines dismissed her claim for disabled widow's benefits on the grounds of *res judicata*. *Id.* at 8. He reasoned that ALJ Green had previously determined that no common law marriage existed between the Plaintiff and Mr. Sanchez, and that the previous decision was final and not appealable. *Id.* Though Plaintiff submitted what she claimed was new evidence on this issue to ALJ Raines, the ALJ found that the new evidence was immaterial. *Id.* at 8. The Appeals Council denied Plaintiff's Request for Review on October 28, 2016. *Id.* at 9. Plaintiff then filed a complaint seeking judicial review of ALJ Raines' denial of her application on the grounds of *res judicata*. ECF No. 1.

The Court held a hearing on Defendant's Motion to Dismiss on March 13, 2017, to clarify Plaintiff's claims and to determine specifically which application for benefits was at issue in Plaintiff's lawsuit. Present at that hearing were the Plaintiff, representing herself in this matter, and Kerry J. Simpson on behalf of the Defendant. During the hearing, Plaintiff confirmed that she is seeking review of her application for disabled widow's benefits, and not any claims regarding her previous application for a lump sum survivor benefit or her earlier individual applications for disability benefits.

## II.   STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction . . . [possessing] only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

In a recent unpublished opinion, the Court of Appeals for the Fifth Circuit upheld the decision of the Social Security Administration not to consider a second application for disability benefits due to a previous adverse decision on the first application. *Collins v. Colvin*, 645 F. App'x 305 (2016). In upholding the dismissal of the second application on the basis of *res judicata*, the Court held that the Administration's decision was not reviewable by a federal court unless the claimant challenged the action on constitutional grounds. *Id.* at 306; *see also Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) (judicial review of refusal to reopen claims for Social Security benefits not permitted except in "rare instances" where denial challenged on constitutional grounds); *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995) (same).

### III.   ANALYSIS

Defendant argues that the doctrine of *res judicata* bars Plaintiff's claims for judicial review in this case and that the Court should dismiss her claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. Though Plaintiff does not address the effect of *res judicata* in the papers that she filed in this case, she does contend that she was granted benefits in her first lawsuit. ECF No. 12 at 1. At the hearing on March 13, 2017, it became clear that Plaintiff's first lawsuit involved

3

claims of disability benefits that she made on her on behalf, not as the alleged surviving spouse of Mr. Sanchez. The Plaintiff did not assert a constitutional violation in either her filings or in argument at the hearing on March 13, 2017.

The record reflects that ALJ Green decided the issue of whether Plaintiff and Mr. Sanchez were married on the date of his death, this decision became a final, and the Plaintiff did not appeal the decision to district court. ECF No. 11-1 at 7. Following ALJ Green's determination, Plaintiff filed an application for disabled widow's insurance benefits on the earning record of Mr. Sanchez. *Id.* ALJ Raines denied Plaintiff's application on the grounds that ALJ Green had previously determined that no common law marriage existed between Plaintiff and Mr. Sanchez. *Id.* at 7-8. ALJ Raines determined that although Plaintiff produced new evidence, including several years of joint tax returns filed by Plaintiff and Mr. Sanchez, the evidence was not material. *Id.* at 8. Ultimately, ALJ Raines denied Plaintiff's application and her request for a hearing. *Id.*

ALJ Raines denied Plaintiff's application for disabled widow's benefits on the grounds of *res judicata*. The Plaintiff has not asserted a constitutional violation that would make her claims reviewable by this Court, nor is such a violation apparent from the documents filed in the record. Under these circumstances, the decision of the Social Security Administration of which the Plaintiff complains is not subject to review by this Court according to the decisions of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit discussed previously.

## IV.    FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Accordingly, the undersigned RECOMMENDS that Judge Means GRANT Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 11), and DISMISS Plaintiff's claims with prejudice.

A copy of this findings, conclusions, and recommendation shall be served on all parties in

the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed on March 24, 2017.

                                                                  _/s/ Hal R. Ray, Jr._
                                                                  Hal R. Ray, Jr.
                                                                  UNITED STATES MAGISTRATE JUDGE